■ In the Matter of TRICIA LASHAWNDA M. BROOKLYN HOME FOR CHILDREN et al., Appellants; CATHERINE LINDA M., Respondent. — In a proceeding pursuant to section 384-b of the Social Services Law to permanently terminate the parental rights of Catherine Linda M. (Anonymous) and Jesse L. (Anonymous) and to commit the guardianship and custody of Tricia Lashawnda M., a

dependent child, to an authorized agency, the appeals are from an order of the Family Court, Queens County (Gartenstein, J.), dated March 30, 1982, which dismissed the petition. Appeals dismissed as academic, without costs or disbursements. Subsequent to the date of the order appealed from, the mother executed a voluntary surrender instrument, dated November 10, 1982, which permanently and irrevocably committed the child to the guardianship and custody of the Commissioner of Social Services of the City of New York and empowered the commissioner to consent to the child's adoption (Social Services Law, § 384). On motion of the Brooklyn Home for Children, petitioner in the original termination proceeding, the surrender instrument was approved by order of the Family Court, Queens County (Fogarty, J.), dated February 9, 1983 (Social Services Law, § 384, subd 4). The surrender of the child by the mother has terminated her parental rights, thereby rendering these appeals academic. Since the Family Court made no determination with respect to the parental rights of the putative father, those rights, if any, can be determined by the appropriate court at the time of the final adoption proceeding, pursuant to the criteria set forth in section 111 of the Domestic Relations Law. While we are constrained to dismiss the appeal as academic under the circumstances presented herein, we wish to make clear that our court does not subscribe to the determination of the Family Court. In our view, the factual findings of that court were not supported by the evidence, and its conclusions of law were replete with error. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.